UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARTIN LUTHER,

       Plaintiff,                                               Hon. Janet T. Neff

v.                                                                 Case No. 1:14-CV-437

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #20). Plaintiff's counsel seeks $4,200.00 in fees, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant has not asserted that the Commissioner's position in this matter was substantially justified, but instead argues that counsel's motion is untimely.

On April 13, 2015, the undersigned recommended that the Commissioner's decision be reversed and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. #17). This recommendation was subsequently adopted by the Honorable Janet T. Neff. (Dkt. #18-19). A motion seeking EAJA fees be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The parties dispute when the judgment in question became "final." Counsel argues that the judgment in this matter did not become final until the expiration of the 60-day appeal period contemplated by Federal Rule of Appellate Procedure 4(a)(1)(B). Defendant counters that by failing to object to the Report and Recommendation, Plaintiff waived the right to appellate review. Under Defendant's theory, the 30-day time period articulated in § 2412 within which to submit an EAJA application began the day the district court adopted the Report and Recommendation to which no objections had been filed.

Defendant's argument is based on the *Walters* rule, which provides that a party who fails to timely object to a Report and Recommendation waives his right to appeal such. *See United States v.*

*Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("a party shall file objections with the district court or else waive [the] right to appeal"); *Henson v. Warden, London Correctional Institution*, 2015 WL 4567376 at *3 (6th Cir., July 29, 2015) ("under the *Walters* rule, only specific objections to the Report [and Recommendation] will be preserved for appellate review"). However, the *Walters* rule is merely a supervisory rule and not a jurisdictional prohibition. *See Thomas v. Arn*, 474 U.S. 140, 146-47 (1985). As the Sixth Circuit has stated, "[w]hile we have regularly enforced the *Walters* rule, we have also noted that it plainly is not a jurisdictional rule; the court of appeals retains subject matter jurisdiction over the appeal regardless of the untimely filing or nonfiling of objections." *Souter v. Jones*, 395 F.3d 577, 585 (6th Cir. 2005). Because the court of appeals retains the authority to accept an appeal despite a party's failure to comply with the *Walters* rule, the Court finds that the 30-day filing period articulated in § 2412 does not begin to run until the expiration of the 60-day time period articulated in Federal Rule of Appellate Procedure 4(a)(1)(B). So calculated, the Court finds that counsel's motion was timely filed.

Plaintiff's counsel moves the Court for an award of attorney's fees and costs pursuant to the EAJA. Specifically, counsel seeks to recover $4,200.00 in attorneys fees (24 hours multiplied by an hourly rate of $175).[1] The Court finds the amount of hours expended in this matter to be reasonable and appropriate. The Court likewise finds the requested hourly rate to be appropriate. *See Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015). Accordingly, the undersigned recommends that counsel's motion for EAJA fees be granted. However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned recommends that this amount be paid to Plaintiff not his attorney.

---

[1] Counsel initially requested EAJA fees in the amount of $4,590 (based upon an hourly rate of $191.25), but subsequently amended his request to $4,200 (based upon an hourly rate of $175). (Dkt. #22).

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June

13, 2011). While the Court does not necessarily disagree with this particular conclusion, such does not justify payment of an EAJA award directly to counsel.

Counsel requests that Plaintiff's EAJA award be made payable to him, but counsel has submitted no evidence suggesting that Plaintiff has assigned or otherwise authorized payment to counsel of his EAJA award. In the absence of such evidence there exists no basis for directing that Plaintiff's EAJA award be made payable to counsel. The Court further notes that even if counsel had submitted documentation which purports to accomplish an assignment by Plaintiff to counsel of Plaintiff's EAJA award, the result would be the same. As the Court has repeatedly noted, it has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (Dkt. #20), be **granted**. Specifically, the undersigned recommends that Plaintiff be awarded four thousand, two hundred dollars and zero cents ($4,200.00) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 1, 2015
/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge